Dale **ROSENKOETTER, et al.,**
**Plaintiffs/Appellants,**

v.

Carl **ROSENKOETTER, et al.,**
**Defendants/Respondents.**

**No. ED 77264.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 27, 2001.

Leneigha Downs, Larry G. Mittendorf, Union, MO, Attorneys for Appellant.

Gordon Rolla Upchurch, Union, MO, Attorneys for Respondent.

Before MOONEY, P.J., and SIMON and SULLIVAN, JJ.

**ORDER**

PER CURIAM.

Almond Rosenkoetter, Berwin Rosenkoetter, Dale Rosenkoetter and Mary Ann Rosenkoetter (collectively plaintiffs) appeal the judgment of the Circuit Court of Franklin County denying their amended petition for injunctive relief and deed reformation.

On appeal, plaintiffs contend the trial court erred by: (1) determining, against the weight of the evidence, that plaintiffs did not meet their burden of proving the element of reasonable necessity because the court misinterpreted undisputed expert testimony and the law as to what constitutes a showing of reasonable necessity; (2) misapplying the law because its opinion that plaintiffs were claiming a statutory easement by necessity held them to an erroneous burden of proof; (3) concluding that plaintiffs were not entitled to relief because their survey encompassed a wider strip of land than that currently occupied by the existing road; (4) finding the theory of visible easement could not be employed unless strict necessity was shown in that it was an erroneous declaration of the law; (5) denying plaintiffs declaratory and injunctive relief based upon the theory of easement by estoppel because that was a misapplication of the law in that it holds plaintiffs to an erroneous burden of proof; (6) determining there was insufficient evidence of the specific language in the parties' agreement to support the reformation of the deed because it was a misapplication of the law; and (7) imposing a sanction on plaintiffs for their denial of a propounded request for admission because that was an abuse of discretion.

We have reviewed the briefs of the parties and the record on appeal and find no error of law. An extended opinion reciting detailed facts and restating principles of law would have no precedential value. We

affirm the judgment pursuant to Rule 84.16(b).